**K AND N ENGINEERING, INC.,
a California corporation,
Plaintiff—Appellee,**

v.

**Sarah BULAT, individually, d/b/a
Incline Design, a/k/a Incdesign;
et al., Defendants—Appellants.**

No. 06–55115.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Dec. 18, 2007.

Sam M. Muriella, Esq., Kring & Chung, LLP, Irvine, CA, Adam A. Burton, Esq.,

Adam Burton Law Offices, Riverside, CA, for Plaintiff–Appellee.

Ryan Matthew Fountain, Esq., Ryan M. Fountain Law Offices, Mishawaka, IN, for Defendants–Appellants.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

The district court granted K&N's motion for summary judgment on trademark infringement under 15 U.S.C § § 1114(1) and 1125(a), trademark counterfeiting under § 1114(1)(a), trademark dilution under § 1125(c), and related state law statutory and common law causes of action. Pursuant to 15 U.S.C. §§ 1116 and 1117(c), the district court awarded $20,000 in statutory

* This disposition is not appropriate for publication and is not precedent except as provided     by 9th Cir. R. 36–3.

damages and injunctive relief.[1] We affirm.

Based on our de novo review, the evidence is clear that Bulat and Wandel's intentional use of the K&N mark was likely to cause confusion among consumers and post-purchase observers of the counterfeit goods. 15 U.S.C. § 1114(1)(a); *Au-Tomotive Gold v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1075–76 (9th Cir.2006). The evidence introduced by Bulat and Wandel that their decals differed in size and color from K&N's decals, and that one consumer was not confused as to the source of the decals, is insufficient to raise a material issue of disputed fact regarding likelihood of confusion. Because the K&N mark does not serve an aesthetic purpose wholly independent from its function of identifying K&N, Bulat and Wandel's aesthetic functionality defense fails. *Au-Tomotive Gold*, 457 F.3d at 1073. Bulat and Wandel's nominative fair use defense fails because they used more of K&N's mark than was necessary to describe their own product or service. *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 308 & n. 7 (9th Cir.1992). K&N's trademark rights do not depend on whether or not it has copyright protection for the same marks. *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 721 (9th Cir. 2004). Therefore, we affirm the district court's grant of summary judgment.

In light of the district court's broad discretion to award statutory damages under 15 U.S.C. § 1117(c)(1), the district court did not abuse its discretion in awarding statutory damages of $20,000. *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 712 (9th Cir.1999). Nor did the district court abuse its discretion in considering a wide range of factors, including the defendants' financial situation, their naivete, their failure to resolve the trademark violations through settlement, and the extent of the infringement, in setting the statutory damage award. Because Bulat and Wandel advertised and sold decals with K&N marks (rather than advertising and selling printing services), they were not engaged solely in the business of printing the mark or violating matter for others, and thus were neither innocent infringers nor innocent violators capable of raising the innocent printer defense under 15 U.S.C. § 1114(2)(A).

**Affirmed.**

---

1. In a published opinion filed this date, we reverse the district court's award of attorney's fees under 15 U.S.C. § 1117(b).